## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

CHAMBERS OF
**DOUGLAS R. MILLER**
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7770
MDD_DRMChambers@mdd.uscourts.gov

June 27, 2025

LETTER TO ALL COUNSEL OF RECORD

Re:     *Loletia M. v. Frank Bisignano, Commissioner, Social Security Administration*[1]
        Civil No. 24-2990-DRM

Dear Plaintiff and Counsel:

On October 11, 2024, Plaintiff Loletia M. ("Plaintiff"), proceeding *pro se*, petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF No. 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2023). On December 16, 2024, the Commissioner moved to dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6), or alternatively for summary judgment pursuant to Federal Rules of Civil Procedure 12(d) and 56. ECF No. 7. As an exhibit to his motion, the Commissioner submitted the Declaration of Ari Levin, Chief of Court Case Preparation and Review Branch 2 of the Office of Appellate Operations, Social Security Administration, ("Levin Decl."), and accompanying documents. ECF No. 7-2. Plaintiff did not file any response. I have considered the parties' filings (ECF Nos. 1 and 7). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons set forth below, the Commissioner's motion is GRANTED.

The Commissioner argues that Plaintiff's complaint should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted because Plaintiff's filing of her complaint is untimely. ECF No. 7-1, at 3-7. Federal Rule of Civil Procedure 12(b)(6) "test[s] the sufficiency of a complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). "A complaint should not be dismissed for failure to state a claim unless after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in plaintiff's favor, it appears certain that the plaintiff cannot prove any

---

[1] Plaintiff filed this case against (1) "Court of Appeals"; (2) "Carol Matula, Administrative Law Judge Office of Hearings Operations"; (3) "David E. Clark, Administrative Appeals Judge"; (4) "Social Security Administrative Offices, Office of Appellate Operations"; and (5) "Office of Appellate Operations, Administrative Law Judge SSA" on October 11, 2024. ECF No. 1. It is well-established that only the Commissioner is a proper defendant in an action under 42 U.S.C. § 405(g). *See* 20 C.F.R. § 422.210(d) (stating that in all civil actions arising out of the denial of disability benefits, "the person holding the Office of the Commissioner [of Social Security] shall, in his official capacity, be the proper defendant."). Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Accordingly, Commissioner Bisignano has been substituted as the sole defendant pursuant to Federal Rule of Civil Procedure 25(d).

set of facts entitling [her] to relief." *Martin v. Duffy*, 858 F.3d 239, 248 (4th Cir. 2017) (quoting *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002)). In ruling on a motion to dismiss, a court appropriately considers only those facts and allegations contained on the face of the complaint, Fed. R. Civ. P. 12(d), with limited exceptions, *see Zak v. Chelsea Therapeutics Int'l Ltd.*, 780 F.3d 597, 607 (4th Cir. 2015).

Because, as discussed below, I am considering the Levin Declaration—i.e. "matters outside the pleadings"—I will exercise my discretion to treat the Commissioner's 12(b)(6) motion as a motion for summary judgment pursuant to Rule 56, as was specifically requested in the alternative.[2] Fed. R. Civ. P. 12(d). In such cases, courts must give all parties "reasonable opportunity to present all the material that is pertinent to the motion." *Id.* Reasonable opportunity requires: (1) some notice by the court to the parties "it is treating the 12(b)(6) motion as a motion for summary judgment[,]" and (2) "the consequent right in the opposing party to file counter affidavits or pursue reasonable discovery." *Gay v. Wall*, 761 F.2d 175, 177 (4th Cir. 1985).

After receipt of the Commissioner's motion, ECF No. 7, the Clerk of this Court mailed a "Rule 12/56 notice" to Plaintiff on December 17, 2024, ECF No. 8. This Court routinely finds that the "Rule 12/56 notice" satisfies the notice requirements set forth in *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). *See, e.g.*, *Janice D. v. Kijakazi*, No. SAG-22-3369, 2023 WL 5509314 (D. Md. Aug. 25, 2023); *Toi H. v. Kijakazi*, No. SAG-20-3260, 2022 WL 993774 (D. Md. Apr. 1, 2022); *Bogues v. Bishop*, No. CCB-19-2035, 2020 WL 5759758 (D. Md. Sept. 28, 2020). The Rule 12/56 notice alerted Plaintiff to the potential consequences of a failure to appropriately respond to the Commissioner's motion. Moreover, on February 20, 2025, Judge Charles D. Austin sent a letter to Plaintiff advising her, among other things, that if Plaintiff failed to file a written response to the Commissioner's motion by March 31, 2025, the Court would resolve the case based on the materials submitted by the Commissioner. ECF No. 11.

Plaintiff did not respond after the Rule 12/56 notice or Judge Austin's letter was mailed. Therefore, I find that Plaintiff received sufficient notice, by way of the title of the motion, the information in the Rule 12/56 notice, and the information in Judge Austin's letter, that the Commissioner's motion could be converted to one for summary judgment. I also find that Plaintiff had sufficient opportunity to seek and submit evidence and that conversion of the Commissioner's motion to one for summary judgment is appropriate. *See, e.g.*, *Janice D.*, 2023 WL 5509314; *Hutton v. Hickman*, No. ELH-19-3665, 2020 WL 7640825 (D. Md. Dec. 23, 2020); *Collins v. Gang*, No. JKB-19-2526, 2020 WL 7384877 (D. Md. Dec. 16, 2020).

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the burden of

---

[2] Courts retain discretion under Rule 12(d) to convert a 12(b)(6) motion to one under Rule 56 if the motion is styled as one under Rule 12(b)(6) or, in the alternative, Rule 56. *See Bosiger v. U.S. Airways*, 510 F.3d 442, 450 (4th Cir. 2007); *Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cnty.*, 788 F. Supp. 2d 431, 436 (D. Md. 2011), *aff'd sub nom. Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cnty.*, Md., 684 F.3d 462 (4th Cir. 2012).

*Loletia M. v. Bisignano*
Civil No. 24-2990-DRM
June 27, 2025
Page 3

showing that there is no genuine dispute of material facts. *See Casey v. Geek Squad*, 823 F. Supp. 2d 334, 348 (D. Md. 2011) (citing *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987)). If the moving party establishes that there is no evidence to support the non-moving party's case, the burden then shifts to the non-moving party to proffer specific facts to show a genuine issue exists for trial. *Id.* The non-moving party must provide enough admissible evidence to "carry the burden of proof in [its] claim at trial." *Id.* at 349 (quoting *Mitchell v. Data Gen. Corp.*, 12 F.3d 1310, 1315-16 (4th Cir. 1993)). The mere existence of a "scintilla of evidence" in support of the non-moving party's position will be insufficient; there must be evidence on which the jury could reasonably find in its favor. *Id.* at 348 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986)). Moreover, a genuine issue of material fact cannot rest on "mere speculation, or building one inference upon another." *Id.* at 349 (quoting *Miskin v. Baxter Healthcare Corp.*, 107 F. Supp. 2d 669, 671 (D. Md. 1999)).

Here, on February 22, 2023, an Administrative Law Judge denied Plaintiff's claim for Title XVI benefits and mailed a copy of their decision to Plaintiff. ECF No. 7-1, at 5; ECF No. 7-2, at 5-34; *see* Levin Decl. ¶ 3(a). Plaintiff filed exceptions to the ALJ's decision, but the Appeals Council declined to assume jurisdiction on July 3, 2024. ECF No. 7-1, at 5; ECF No. 7-2, at 35-42; *see* Levin Decl. ¶ 3(a). The Appeals Council sent by mail to Plaintiff notice of its action and of the right to commence a civil action within sixty (60) days from the date of receipt. ECF No. 7-1, at 5-6; ECF No. 7-2, at 39, 42; *see* Levin Decl. ¶ 3(a). Nothing in the record indicates that Plaintiff requested an extension of time to file a civil action. ECF No. 7-1, at 6; *see* Levin Decl. ¶ 3(b). On October 11, 2024, Plaintiff filed a complaint in this Court, requesting judicial review under 42 U.S.C. § 405(g). ECF No. 1; ECF No. 7-1, at 6; Levin Decl. ¶ 3(c).

"Congress has authorized lawsuits seeking judicial review of decisions by the SSA only under certain limited conditions, including filing deadlines specified by statute." *Tlee C. v. Saul*, No. DLB-19-3585, 2020 WL 3268529, at *1 (D. Md. June 17, 2020) (citing *City of Tacoma v. Taxpayers of Tacoma*, 357 U.S. 320, 336 (1958)). A claimant appealing an adverse disability determination by the SSA must file the civil action "within sixty days after the mailing to [the claimant] of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g); *see also* 20 C.F.R. § 422.210(c). This "60-day requirement is not jurisdictional, but rather constitutes a period of limitations" subject to equitable tolling in the rare circumstances where appropriate. *Bowen v. City of New York*, 476 U.S. 467, 478 (1986) (citing *Mathews v. Eldridge*, 424 U.S. 319, 328 n.9 (1976); *Weinberger v. Salfi*, 422 U.S. 749, 764 (1975)); *see Hyatt v. Heckler*, 807 F.2d 376, 378 380 (4th Cir. 1986).

"The limitations period must [ ] be strictly enforced, absent (1) an agreement by the SSA to toll the deadlines, or (2) a valid basis for equitable tolling of the deadlines." *Tlee C.*, 2020 WL 3268529, at *1. "Federal courts have typically extended equitable relief only sparingly." *Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 96 (1990). The Supreme Court has "allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Id.* (footnotes omitted); *see Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Courts are "much less forgiving in receiving late

*Loletia M. v. Bisignano*
Civil No. 24-2990-DRM
June 27, 2025
Page 4

filings where the claimant failed to exercise due diligence in preserving his legal rights." *Irwin*, 498 U.S. at 96 (citing *Baldwin Cnty. Welcome Ctr. v. Brown,* 466 U.S. 147, 151, (1984)); *see also Kokotis v. U.S. Postal Serv.*, 223 F.3d 275, 280 (4th Cir. 2000).

Here, the Commissioner argues that Plaintiff's complaint should be dismissed as untimely because her complaint was filed outside of the 60-day timeframe created by 42 U.S.C. § 405(g). ECF No. 7-1, at 1-6. The Commissioner posits that Plaintiff did not seek an extension of the 60-day deadline from the SSA. ECF No. 7-1, at 6; *see* Levin Decl. ¶ 3(b). The Commissioner further asserts that there are no circumstances in this case to justify equitable tolling of the 60-day requirement for commencing a civil action. ECF No. 7-1, at 6-7. Despite the Rule 12/56 notice and Judge Austin's letter, Plaintiff has not responded to the Commissioner's motion.

Considering the foregoing, on the evidence before the Court, Plaintiff's complaint is untimely. The Appeals Council mailed Plaintiff notice of its decision on July 3, 2024. ECF No. 7-2, at 35-42; *see* Levin Decl. ¶ 3(a). Plaintiff's deadline to file a civil action was therefore September 6, 2024.[3] ECF No. 7-1, at 6. As such, Plaintiff's filing of the complaint on October 11, 2024, was untimely. Despite her diligent efforts pursuing her claim at the administrative level, she has not demonstrated that she has diligently pursued her claim at the district court level. This Court has previously declined to toll the deadline where the claimant filed the complaint as little as one day late. *See Clark v. Comm'r of Soc. Sec.*, No. SAG-16-4009, 2017 WL 2266195, at *1 (D. Md. May 24, 2017). Because Plaintiff does not present any evidence that she either sought an extension of the 60-day deadline or that there are circumstances justifying equitable tolling, this Court is constrained to find Plaintiff's complaint as untimely filed. Summary judgment is therefore appropriate against Plaintiff for her untimely complaint.

For the reasons set forth herein, the Commissioner's motion to dismiss, ECF No. 7, is treated as a motion for summary judgment and GRANTED. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

---

[3] The 60-day statutory period begins running from the day "notice of such decision is received by the individual." 42 U.S.C. § 405(g). The date of receipt is "presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary." 20 C.F.R. § 422.210(c). Here, the Appeals Council's notice was dated July 3, 2024. ECF No. 7-2, at 35-42; Levin Decl. ¶ 3(a). The 60-day period began running five days after that on July 8. Therefore, 60 days later, September 6, 2024, was the deadline.

*Loletia M. v. Bisignano*
Civil No. 24-2990-DRM
June 27, 2025
Page 5

Sincerely,

/s/

Douglas R. Miller
United States Magistrate Judge